THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE DUKES, Defendant-Appellant.

First District (1st Division)   No. 1—90—2886

Opinion filed March 30, 1992.

Randolph N. Stone, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Brian Clauss, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This case is before the appellate court a second time. In the first appeal, we affirmed defendant's conviction and sentence subject to the circuit court finding, on remand, that no *Batson* violation occurred in the selection of the jury which tried defendant (*Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712). On remand, following a *Batson* hearing, the court held that defendant failed to establish a *prima facie* case of purposeful discrimination. Defendant appeals this finding and contends it is against the manifest weight of the evidence. We affirm.

Prior to the hearing, the parties made the following factual stipulations: (1) the total venire consisted of 65 jurors; (2) the State exercised 12 of its 14 peremptory challenges with 10 being against black venirepersons; (3) defendant was a black male, the victims were black and the witnesses were both black and white; (4) the State sought the death penalty; (5) the jury consisted of three black males, one black female, three white males, four white females and one Hispanic; (6) a black female from the third panel of four jurors was tendered by the State and rejected by defendant; and (7) the State and defendant had 14 peremptory challenges each.

To establish his *prima facie* case of purposeful discrimination, defendant argued that the record reflected a pattern of strikes against blacks and that the excluded black venirepersons shared no characteristic other than their race. The State responded that no pattern existed as each panel tendered to defendant had at least one

black, with the second panel having three of the four blacks which served on the jury. The State further responded that the excluded venirepersons shared, as common characteristics, unemployment status, lack of age and reservations about imposing the death penalty.

After evaluating all the relevant circumstances, the court determined that defendant failed to establish a *prima facie* case of purposeful discrimination. Defendant brings this appeal, contending that the court's finding is against the manifest weight of the evidence. As relief, defendant requests this court to remand for a further hearing in which the State is required to articulate race-neutral reasons for exercising its strikes.

The parties do not dispute the general principles of law established by *Batson* and its progeny. These principles may be summarized as follows.

■ Whether a defendant has established a *prima facie* case of purposeful discrimination turns on whether defendant has demonstrated the "relevant circumstances" which raise an inference that the State used its peremptory challenges to exclude members of a cognizable racial group. These circumstances include: (1) a pattern of strikes against black jurors; (2) the prosecutor's questions and statements during *voir dire* examination and in exercising his challenges; (3) the disproportionate use of peremptory challenges against black jurors; (4) the level of black representation in the venire compared to the jury; (5) whether the excluded blacks were a heterogeneous group sharing race as their only common characteristic; and (6) the race of the defendant, the victim and the witnesses. (*E.g., People v. Edwards* (1991), 144 Ill. 2d 108, 153, 579 N.E.2d 336, 354.) In light of *Powers v. Ohio* (1991), 499 U.S. 400, 113 L. Ed. 2d 411, 111 S. Ct. 1364, an additional circumstance is whether defendant and the excluded venireperson share the same race. (*People v. Kindelan* (1991), 213 Ill. App. 3d 548, 552, 572 N.E.2d 1138, 1140.) On appellate review, a trial court's determination of the existence of a *prima facie* case will not be disturbed unless it is against the manifest weight of the evidence. *People v. Mahaffey* (1989), 128 Ill. 2d 388, 413, 539 N.E.2d 1172, 1184, *cert. denied* (1989), 493 U.S. 873, 107 L. Ed. 2d 156, 110 S. Ct. 203.

Of all the relevant circumstances which the circuit court considered in this case, defendant only contests the circuit court's findings that no pattern of strikes against blacks existed and that the excluded veniremembers share characteristics other than race. However, after reviewing the evidence, we believe the manifest weight of the evidence supports the court's findings on these matters.

As to whether a pattern of strikes exists in this case, the record shows that the State used 10 of its 14 challenges against black jurors. However, these figures are misleading. The jury in this case was selected in panels of four. In the first panel, the State used three peremptory challenges to exclude three male blacks while accepting one black female. In the second panel, the State used two peremptory challenges against black males but accepted three black males as jurors. In the third panel, the State used five peremptory challenges to exclude three black females and two black males, but the State accepted one black female. Defendant excused this female. There was no exclusion of black jurors regarding the alternate jurors, and the State had two peremptory challenges remaining at the close of *voir dire*.

On the above record, the circuit court was not convinced that defendant established a pattern of strikes against black jurors. In so ruling, the court stated its familiarity with the prosecutor who tried the case; from this familiarity, it believed that a pattern of strikes did not exist. The court also referred to portions of the *voir dire* record in which the court itself stated that the prosecution was doing a poor job in accomplishing a biased jury if that was in fact its intent.

Regarding the heterogeneous nature of the excluded venirepersons, the court specifically rejected the argument that the veniremembers shared race as their only characteristic. During the hearing, the prosecutor stated that the excluded veniremembers were either under 30 years old, were unemployed or had reservations about the death penalty. The court agreed. Our review of the record shows that the court's conclusion is supported by the manifest weight of the evidence.

In passing on the heterogeneity issue, we find that the court committed no procedural error while conducting the *Batson* hearing. All three characteristics which the prosecutor offered to demonstrate heterogeneity were on the record. These characteristics were tendered to rebut defendant's charge that the excluded veniremembers shared race as their only common characteristic. The court considered these characteristics only to this limited extent and never undertook the separate inquiry of whether any one of them would have served as a valid, race-neutral reason for striking the veniremember. While ultimately the prosecution may have offered these characteristics as its race-neutral reason for using the strike, the prosecutor in this case could certainly point out to the court the existence of these record characteristics in order to rebut defendant's charge of homogeneity.

As for some of the other relevant circumstances, the court noted: (1) no prosecutorial statements during *voir dire* indicated an intent to discriminate; (2) but for a defense strike, five black jurors would have served on the jury (about 40%) compared to the figure that between 19 and 24 members of the 65 veniremembers (29% to 37%) were black; (3) the crime was not interracial as both victims were black; and (4) the State's witnesses were both white and black.

█ Upon review of all the evidence, we find the circuit court's conclusion on the issue of whether a *prima facie* case existed to be supported by the manifest weight of the evidence. While the defendant and the excluded jurors shared the same race, and while the State used a large number of its strikes against blacks, defendant has failed to establish the existence of any of the other relevant circumstances. As for the relevant circumstances dealing with a pattern of strikes and heterogeneity, we uphold the court's factual finding that neither existed.

Accordingly, for the foregoing reasons, we affirm the circuit court of Cook County's denial of defendant's *Batson* motion. Defendant's conviction and sentence are therefore affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.